UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **08-21718-CV-KING/BANDSTRA**

YVONNE S. ROSENTHAL,

    Plaintiff,

v.

SALON RIK-RAK, II, INC.
d/b/a SALON RIK RAK II,

    Defendant.

_____/

FILED by JC D.C.
ELECTRONIC

June 17, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# COMPLAINT

Plaintiff Yvonne S. Rosenthal, by and through her undersigned counsel, submits this Complaint for damages and declaratory and injunctive relief against Salon Rik-Rak, II, Inc., d/b/a Salon Rik Rak II.

1. This case is brought to remedy Defendant's violation of the Fair and Accurate Credit Transactions Act ("FACTA"), Public Law 108-159 (December 4, 2003), 15 U.S.C. § 1601 Note. FACTA is a federal statute enacted to combat and prevent the crime of identity theft. As explained below, Defendant in violation of FACTA disclosed confidential credit card information on a printed receipt issued to Plaintiff. Defendant's disregard for FACTA is increasing the risk of identity theft for consumers who pay by credit card at Defendant's business. Therefore, in addition to damages, Plaintiff seeks as relief in this matter an order enjoining Defendant from violating FACTA.

## I. The Parties and Jurisdiction

2. Plaintiff is a natural person residing in Miami-Dade County, Florida. Plaintiff is a consumer for purposes of FACTA and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

3. Defendant is a hair and beauty salon located at 1441 Brickell Avenue, Miami, Florida 33131 which is licensed by the Florida Department of Business & Professional Regulation. Defendant is a person that accepts credit and debit cards for the transaction of business as that term is used in FACTA § 113, 15 U.S.C. § 1681c(g).

4. This Court has jurisdiction under 28 U.S.C. § 1331 because this case presents a federal question, a claim for violation of FACTA.

5. Venue is proper in this district because the events giving rise to this action occurred in this district, and defendant is present in this district.

## II. Factual Allegations

### A. Identity Theft and FACTA

6. Identity theft is a serious issue affecting both consumers and businesses. According to a study by the Federal Trade Commission, approximately 8.3 million American adults discovered they were victims of some type of identify theft in the year 2005. (*See* Federal Trade Commission – 2006 Identity Theft Survey Report).

7. Obtaining credit card information from discarded receipts is one of the leading causes of identity theft.

8. In 2003, FACTA was enacted to combat and prevent identity theft. FACTA established limitations on the type of credit card information that merchants may print on electronically generated point of sale receipts. In particular, FACTA

2

Section 113,15 U.S.C. § 1681c(g), made it illegal to print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale transaction.

9. The national press has extensively reported upon FACTA's prohibitions against printing more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale transaction.

10. In 2003, the State of Florida adopted at FLA. STAT. § 501.0118(2) (2007) an identical limitation to FACTA, prohibiting a merchant from printing more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale transaction.

11. In addition, the leading credit card companies have adopted rules restricting merchants accepting their cards from printing more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale transaction. Those restrictions are part of the merchant's agreement with the credit card company.

**B. Defendant Knowingly Violates FACTA**

12. As explained above, both FACTA and the State of Florida have prohibited the printing of more than the last 5 digits of a consumer's credit card upon a receipt since the year 2003. Moreover, the leading credit card companies also prohibit merchants from printing more than the last 5 digits of a consumer's credit card upon a receipt.

13. Defendant knew, or was deliberately ignorant of the fact, that printing more than the last 5 digits of a consumer's credit card upon a point of sale receipt

3

violated federal and state law, as well as its contractual obligations to leading credit card companies.

14. Credit card transactions are a significant part of Defendant's sales. Therefore, credit card rules and regulations are critical to Defendant's ability to operate its business.

15. On June 3, 2008, Plaintiff used a credit card to make a purchase at Defendant's business located at 1441 Brickell Avenue, Miami, Florida 33131. Plaintiff was issued an electronically generated receipt that contained more than the last 5 digits of her credit card and also the credit card's expiration date. The inclusion of this information violated FACTA.

### III. Causes of Action

### Count I
### (Violation of FACTA § 113)

16. As alleged above, Defendant's issuance of an electronically generated printed receipt at the point of sale violated FACTA.

17. As alleged above, Defendant knew, or was deliberately ignorant to the fact, that inclusion of more than the last 5 digits of Plaintiff's credit card on an electronically printed receipt was prohibited by federal and state law, and its contractual obligation with credit card companies.

18. 15 U.S.C §1681n provides for statutory and punitive damages for willful violations of FACTA, including printing more than the last 5 digits of a consumer's credit card on an electronically generated point of sale receipt.

19. Defendant willfully violated FACTA by including more than the last 5 digits of Plaintiff's credit card on an electronically generated point of sale receipt.

4

20. 15 U.S.C §1681o provides for the recovery of damages resulting from a negligent violation of FACTA, including printing more than the last 5 digits of a consumer's credit card on an electronically generated point of sale receipt.

21. Defendant violated FACTA in a grossly negligent way by including more than the last 5 digits of Plaintiff's credit card on an electronically generated point of sale receipt because Defendant knew or was deliberately ignorant of FACTA's requirements.

22. Plaintiff has suffered injury as a result of Defendant's violation of FACTA.

### IV. Prayer for Relief

WHEREFORE, Plaintiff requests that after a trial on the merits, she be awarded:

23. Actual damages in an amount determined at trial;

24. Statutory damages in an amount determined at trial;

25. Punitive damages in an amount determined at trial;

26. Pre and post judgment interest;

27. An order declaring Defendant's conduct above to have violated FACTA;

28. An order enjoining Defendant from further violating FACTA;

29. Reasonable attorneys' fees and costs incurred in prosecuting this action; and

30. Any other relief this Court deems proper.

### V. Jury Demand

31. Plaintiff demands a jury trial.

5

Respectfully submitted,

BANDER & ASSOCIATES, P.A.
444 Brickell Avenue, Suite 300
Miami, Florida 33131
Telephone: (305) 358-5800
Fax: (305) 374-6593
Email: stephen@bandervisa.com

_____
Stephen M. Bander
Florida Bar No. 0160679
Attorney for Plaintiff Yvonne S. Rosenthal

Dated this 9TH day of June, 2008.

6

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed C**

June 17, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### I. (a) PLAINTIFFS
Rosenthal, Yvonne S.

### DEFENDANTS
Salon Rik-Rak, II, Inc.

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen M. Bander, Bander & Associates, P.A.
444 Brickell Avenue, Suite 300, Miami, Florida 33131
(305) 358-5800

Attorneys (If Known)

Dade 08-21718-CIV-King/Bandstra

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ✗ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO
b) Related Cases ☐ YES ☐ NO
JUDGE
DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
15 U.S.C. Sec. 1681c(g) (Complaint for violation of Fair and Accurate Credit Transactions Act)

LENGTH OF TRIAL via 1 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
1,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE: June 7, 2008

FOR OFFICE USE ONLY
AMOUNT 350 - RECEIPT # 982330 IFP

7 of 7